JUDGE TANA LIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ISHAN WAHI, NIKHIL WAHI, and SAMEER RAMANI,<br><br>Defendants. | Civil Action No. 2:22-cv-1009<br><br>PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT SAMEER RAMANI<br><br>NOTE ON MOTION CALENDAR: JANUARY 6, 2022 |

Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully moves the Court for an order authorizing it to serve the Complaint, Amended Complaint, and Summons (Dkt. Nos. 1, 3, and 27) by alternative means upon Defendant Sameer Ramani, whose current location is unknown and whom the SEC believes to be outside of the United States. The proposed alternative means are by email to the lawyer who is representing Ramani in connection with pending criminal charges brought by the United States in a parallel action in the Southern District of New York, as well as by messages to email and WhatsApp accounts Ramani is known to use and has recently accessed. As set forth herein and in the declaration filed herewith, these alternative means are reasonably calculated to provide notice of the Complaint, Amended Complaint, and Summons.

## STATEMENT OF FACTS

The SEC filed its Complaint in this matter on July 27, 2022 and its Amended Complaint on December 22, 2022. (Dkt. Nos. 1, 27) As set forth therein in more detail, from at least August 2021 through April 2022, Defendant Ishan Wahi, a manager in Coinbase's Asset Listings Group, repeatedly

- 1 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

tipped material, nonpublic information about the timing and content of his employer's "listing announcements" – in which Coinbase announced that certain crypto assets (also known as "tokens") would be "listed" on its trading platforms and available for trading – to his brother Defendant Nikhil Wahi and his college friend Defendant Sameer Ramani ("Ramani"). Ahead of these listing announcements, which typically resulted in a significant increase in the price of the subject tokens, Ramani and Nikhil Wahi repeatedly purchased, or directed the purchase of, the subject tokens. They then typically sold the tokens, or caused them to be sold, shortly after the announcements for a profit. In the above-referenced parallel criminal case, Defendants Ishan Wahi and Nikhil Wahi have been arrested and presented to a judicial officer in the Southern District of New York; Ramani has not. *See United States v. Ishan Wahi, Nikhil Wahi and Sameer Ramani*, 22-cr-392. On September 12, 2022, Nikhil Wahi plead guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. *Id.*

On July 28, 2022, and August 1, 2022, the SEC served the Complaint and summons on Defendants Ishan Wahi and Nikhil Wahi, both of whom are located in the United States. (Dkt. Nos. 7 and 8.) The SEC has not yet been able to serve Ramani because the SEC does not currently know where Ramani is. Declaration of SEC Attorney Paul Kim ("Decl.") ¶ 4. Information that the SEC obtained in its investigation from U.S. Customs and Border Protection indicates that Ramani left the United States on April 25, 2022, and has not returned. *Id.* Importantly, Ramani has retained a U.S.-based lawyer to represent him in the parallel criminal proceeding. *Id.* ¶ 13. The SEC has reviewed its investigative file in this case and has searched various public records, but has not been able to identify Ramani's current location nor a specific current address in India or elsewhere. *Id.* ¶ 5.

The SEC has identified two electronic communication accounts known to have been used by Ramani: a WhatsApp Messenger ("WhatsApp") account with username "mrsamram" ("WhatsApp Account"), associated with the phone number 919920625464, and the email account

- 2 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

samyramani@gmail.com ("Gmail Account"). Decl. ¶ 6. WhatsApp can be used to send and receive documents. *Id*. ¶ 7. Records received from the U.S. Department of Justice reflect that Ramani was a prolific user of his WhatsApp Account, using it to send or receive hundreds messages from May 18, 2022, to July 7, 2022. *Id*. ¶ 6.

In particular, Ramani used his WhatsApp Account for sensitive communications with his co-Defendants. In February 2022, Ramani exchanged WhatsApp messages with Nikhil in which Nikhil provided him with the address of an anonymous Ethereum wallet. *Id*. ¶ 8. Minutes after the exchange of those messages, Ramani transferred two different cryptocurrencies into that anonymous wallet. *Id*. In May 2022, shortly after leaving the United States, Ramani used his WhatsApp Account to exchange messages with Ishan about an upcoming interview Ishan had with Coinbase's Director of Security Operations. *Id*. ¶ 9.

Ramani has provided his Gmail Account to various third parties, including when opening accounts on a U.S.-based electronic payment platform in April and July 2019, an account on a foreign crypto trading platform in 2018, and a Coinbase account in 2013. *Id.* ¶ 11.

On November 5, 2022, counsel for the SEC had the first of a series of email and phone communications with David Kornblau, Esq., of the law firm Dentons. Kornblau represents Ramani in connection with the criminal charges pending against Ramani in the Southern District of New York. *Id*. ¶ 13. On November 22, 2022, plaintiff's counsel spoke with Kornblau and asked if he would accept service of the SEC's complaint on behalf of Ramani. *Id*. Kornblau responded that he was not authorized to do so but said he would speak with his client. On December 2, 2022, plaintiff's counsel spoke with Kornblau again and Kornblau stated that he was not authorized to accept service of the SEC's complaint. *Id.* 13.

- 3 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

## ARGUMENT

***Service on Counsel and by Email and WhatsApp Is Consistent with the Federal Rules of Civil Procedure and Due Process Requirements and Does Not Violate International Law***

Under Rule 4(f)(3) of the Federal Rules of Civil Procedure, an individual "may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming the propriety of allowing service of process by regular mail and email under Fed. R. Civ. P. 4(f)(3)). For alternative service to comport with due process requirements, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The authorization of service under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief'" and plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." *Id.*

The SEC proposes to serve its complaint on Ramani in three ways, each of which is reasonably calculated to ensure that Ramani – who has apparently already discussed the SEC's suit with an attorney representing him – has notice of the SEC's allegations and the pendency of this action: 1) by providing a copy of the Complaint and summons to Kornblau, Ramani's counsel in the criminal case proceeding in the SDNY; 2) by sending a Complaint and summons to Ramani's WhatsApp Account; and 3) by sending a Complaint and summons to Ramani's Gmail Account.

   *1.  Service on Ramani's Criminal Counsel*

"Courts routinely direct service on an international defendant's counsel under Rule 4(f)(3)." *Sese Basatne Intern., LLC v. INQ Star Corp.,* No. 3:21-cv-3142, 2022 WL 3904690, at *3 (N.D. Tex.

- 4 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

May 12, 2022) (collecting authority); *Rio Properties*, 284 F. 3d at 1016 (recognizing that courts have authorized service on "defendant's attorney" under Rule 4(f)(3)).  This is true even where domestic counsel has not been authorized by the international defendant to accept service.  *See, e.g., Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014); *SEC v. de Nicolas Gutierrez*, No. 17-cv-2086, 2020 WL 1307143, at *3 (S.D. Cal. March 19, 2020).  Service through domestic counsel is appropriate even if Ramani is currently in a jurisdiction that objects to service via postal channels under Article 10 of the Hague Convention.  *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, 970 F.3d 1269, 1294-95 (10th Cir. 2020) (collecting authority); *In re Cathode Ray Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014).

Here, although Ramani's U.S. counsel has not been authorized to accept service, it is reasonable to infer that he has communicated with Ramani regarding this matter and the related criminal proceeding.  He has also recently communicated with prosecutors in a parallel criminal proceeding on Ramani's behalf.  Further, as a former SEC Chief Litigation Counsel, Ramani's counsel is an experienced attorney who understands the consequences of an SEC enforcement action and the rules of civil procedure.  He is "reasonably certain to inform" his client of the pendency of this action and Ramani's opportunities to respond (and likely already has).  *de Nicolas Gutierrez*, 2020 WL 1307413 at *3 (citation and quotation omitted).  Sending the summons and Amended Complaint to Ramani's U.S. counsel is thus a highly reliable means of service that will "provide the requisite notice of the pending action and an opportunity to respond." *Id*.

2. Service on Ramani's WhatsApp Number

Courts have also found service by various electronic communication platforms complies with due process requirements and is permissible under Rule 4(f)(3).  *See, e.g., E.L.V.H. Inc. v. Bennett*,

- 5 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

No. 2:18-CV-00710, 2018 WL 6131947, at *3 (C.D. Cal. May 2, 2018) (Facebook); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (Twitter); *Shinde v. Nithyananda Found.*, No. EDCV-13-00363, 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014) (Facebook); *NOCO Co. v. Chang,* No. 1:18-CV-2561, 2020 WL 533021, at *4-5 (N.D. Ohio Feb. 3, 2020) (Amazon messenger).  In particular, multiple courts have recently approved service under Rule 4(f)(3) through a WhatsApp number.  *See, e.g., CKR Law LLP v. Anderson Invest. Intern., LLC*, 525 F. Supp. 3d 518 (S.D.N.Y. March 12, 2021); *Aljabri v. Al Saud*, No. 20-cv-2146, 2021 WL 6775587, at *2 (D.D.C. Feb. 12, 2021); *Williams v. Doe*, 2021 WL 5814279, at *2-3 (W.D. Mo. Dec. 7, 2021); *National Environmental Group, LLC v. Al Maktoum*, No. 3:21-cv-01046, 2022 WL 6506868, at *2-3 (D. Conn. April 1, 2022).

Here, Ramani was a frequent and recent user of WhatsApp, which permits users to communicate and to send documents to one another.  Between May and July 2022 alone, he communicated from his WhatsApp Account hundreds of times.  He used his WhatsApp Account to message others, including his co-Defendants.  For instance, the SEC alleges in its Amended Complaint, Dkt. No. 27, that in February 2022, Ramani and Nikhil exchanged WhatsApp messages to coordinate the transfer of illicit trading proceeds.  In addition, in May 2022, after Coinbase's Director of Security Operations emailed Ishan Wahi to schedule an interview in connection with an "ongoing company investigation into Coinbase's asset listing process," Ishan Wahi sent a screen shot of the interview request to Ramani, who replied via message on WhatsApp:  "Bro I'm on standby. Let me know if you need anything."  Decl. ¶ 7.

Given Ramani's recent use of his WhatsApp Account, including to communicate with his co-Defendants, service of the Complaint and Summons to these accounts is virtually certain to reach him.  *See Williams*, 2021 WL 5814279 at *2-3 (concluding that evidence of WhatsApp usage 10

- 6 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

months earlier was sufficiently recent to find that service via WhatsApp was appropriate under Rule 4(f)(3)); *CKR Law*, 525 F. Supp. 3d at 525 (same, based on WhatsApp usage five months earlier). Service by WhatsApp is therefore reasonably calculated to apprise Ramani of the pendency of this lawsuit and provide him with an opportunity to respond.

       3.   *Service By Email on Ramani's Gmail Account*

Service by email under Rule 4(f)(3) satisfies due process and does not violate international law, as this Court has recently recognized. *Popparties LLC v. Jiao*, 2:22-cv-469, 2022 WL 17324306, at *3 (W.D. Wash. Nov. 29, 2022) (Lin, J.) (citing *Rio Properties*, 284 F. 3d at 1017); *de Nicolas Gutierrez*, 2020 WL 1307143 at *2. Courts have found that alternative service by email is especially appropriate where the defendant's precise location is unknown. *See, e.g., Popparties* at *2; *SEC v. Vuuzle Media Corp.*, 2021 WL 1731947, at *4-5 (D.N.J. May 3, 2021) (approving service by email and reasoning that the SEC should not be required to expend "resources trying to effectuate service at distant locales where, especially considering [defendant's] itinerance, he may or may not be"); *Will Co. Ltd. v. Kam Keung Fung*, No. 3:20-cv-5666, 2020 WL 6709712, at *1-3 (W.D. Wash. Nov. 16, 2020); *Noco Co., Inc. v. Zhejiang Quingyou Elec. Commerce Co. Ltd.,* No. 1:20-cv-1170, 2021 WL 268770, at *5 (N.D. Ohio, Jan. 27, 2021) (collecting authority holding that email is the best method where defendant had primarily online presence and no known physical location).

Here, Ramani has repeatedly listed the Gmail Account as his primary address when opening important financial and trading accounts, including when signing up for accounts on an electronic payment platform in April and July 2019. Decl. ¶ 8. Ramani also provided the Gmail Account to open an account with a foreign crypto asset trading platform in January 2018 and to open an account with Coinbase in September 2013. *Id.* In light of the allegations in this case, Ramani would

- 7 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

undoubtedly need to maintain access to – and receive communications from – those trading accounts. It is therefore reasonably certain that Ramani continues to use the Gmail Account.

## CONCLUSION

For the foregoing reasons, and those set forth in the accompanying declaration and exhibit, the SEC respectfully requests that the Court grant its motion for alternative service.

Dated: December 22, 2022

Respectfully submitted,

By:

*/s/ Peter Lallas*
Daniel Maher
Peter Lallas
(Conditionally Admitted Under LR 83.1)
Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549
(202) 551-4737 (Maher)
(202) 551-6864 (Lallas)
maherd@sec.gov
lallasp@sec.gov

- 8 -

SEC's Motion for Alternative Service
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737