The Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ISHAN WAHI, NIKHIL WAHI, AND SAMEER RAMANI,<br><br>Defendants. | Case No. 2:22-cv-01009-TL<br><br>PARADIGM OPERATIONS LP'S SUPPLEMENTAL STATEMENT AND CERTIFICATION |

**<u>SUPPLEMENTAL STATEMENT & CERTIFICATION</u>**

Pursuant to the Court's March 17, 2023 Directive that Paradigm Operations LP ("**Paradigm**") file a supplemental statement certifying its submission is not duplicative of the *amici* briefs already filed in this case, Paradigm, by and through its attorneys of record, make the following submission:

Paradigm and the undersigned counsels have reviewed the Motion to Dismiss filed by the Defendants (the "**MTD**") as well as the various briefs filed by the other *amici* and proposed *amici* to date (together with the MTD, the "**Briefs**").

Paradigm certifies that its submission is not duplicative of any of the Briefs. Paradigm's submission is unique because it:

---

PARADIGM OPERATIONS LP'S
SUPPLEMENTAL STATEMENT AND
CERTIFICATION- PAGE 1
NO.: 2:22-cv-01009-TL

COHENWILSON LLP
dba DLx Law
331 Park Avenue South
New York, NY 10010
Tel. 212.994.6845

ADMON LAW FIRM, PLLC
www.AdmonLaw.com
300 Lenora St., #4008
Seattle, WA 98121
Tel. 206.739.8383

1) Analyzes a representative sample of the smart contract code underlying the digital assets in question from a technical and legal perspective; and

2) Analyzes in detail the SEC's novel theory that a token, once sold in an investment contract transaction, thereafter embodies that transaction and should itself be treated as a security going forward (the "embodiment theory") and argues that the embodiment theory is unsupported by current law.

None of the Briefs discuss how the smart contract code impacts the legal analysis of the tokens at issue. The smart contract code analysis clarifies that, on their own, the tokens do not provide the holder with any legally enforceable rights and is critical to the argument that the tokens themselves cannot be investment contracts.

While the MTD and Digital Chamber of Commerce brief (the "**Digital Chamber Brief**") touch on the embodiment theory in concept, the Paradigm submission analyzes it in detail and puts forward different arguments as to why this theory is unsupported by applicable law.

The MTD argues that the tokens at issue do not have the essential ingredients of an investment contract and that those tokens are not investment contracts because they do not satisfy the elements of the *Howey* test. These arguments relate to the embodiment theory but do not address it head-on.

The Digital Chamber Brief argues that the regulatory environment governing digital assets is uncertain and chaotic and that the SEC's regulation by enforcement is prejudicing market participants. These arguments also relate to the embodiment theory but do not address it in detail.

The Paradigm submission is, therefore, distinguishable from both the MTD and the Digital Chamber Brief because it analyzes the embodiment theory in detail and relies on specific Ninth Circuit precedent in arguing that the SEC's embodiment theory is not supported by law. None of the other Briefs directly addresses the application of this critical precedent to the embodiment theory.

PARADIGM OPERATIONS LP'S
SUPPLEMENTAL STATEMENT AND
CERTIFICATION- PAGE 2
NO.: 2:22-cv-01009-TL

**COHENWILSON LLP**
**dba DLx Law**
331 Park Avenue South
New York, NY 10010
Tel. 212.994.6845

**ADMON LAW FIRM, PLLC**
**www.AdmonLaw.com**
300 Lenora St., #4008
Seattle, WA 98121
Tel. 206.739.8383

All of the Briefs address different facets of the major questions doctrine. The Paradigm submission does not address this issue.

Paradigm believes that reviewing an example of smart contract code and how it fits into the legal analysis and analyzing the embodiment theory in detail under applicable precedent are important considerations in deciding the pending Motion to Dismiss. No other Brief addresses these points in the same manner as the Paradigm submission does.

Respectfully submitted this 20th day of March 2023.

ADMON LAW FIRM, PLLC

By /s/Moshe Y. Admon
Moshe (Jeff) Admon, WSBA #50235
300 Lenora St., #4008
Seattle, WA 98121
T: (206) 739-8383 | F: (206) 494-0001
jeff@admonlaw.com

COHENWILSON LLP
Lewis Rinaudo Cohen, (Admitted *pro hac vice*)
Gregory Strong, (Admitted *pro hac vice*)
Weiyang Chen, (Admitted *pro hac vice*)
Freeman Lewin, (Admitted *pro hac vice*)
331 Park Avenue South
New York, NY 10010
Tel: (212) 984-6845
lewis.cohen@dlxlaw.com
greg.strong@dlxlaw.com
sarah.chen@dlxlaw.com
freeman.lewin@dlxlaw.com

PARADIGM OPERATIONS LP
Rodrigo Seira, (Admitted *pro hac vice*)
548 Market Street
San Francisco, CA 94104
Tel: (415) 986-9283
rodrigo@paradigm.xyz

*Attorneys for Amicus Curiae Paradigm Operations LP*

PARADIGM OPERATIONS LP'S
SUPPLEMENTAL STATEMENT AND
CERTIFICATION- PAGE 3
NO.: 2:22-cv-01009-TL

COHENWILSON LLP
dba DLx Law
331 Park Avenue South
New York, NY 10010
Tel. 212.994.6845

ADMON LAW FIRM, PLLC
www.AdmonLaw.com
300 Lenora St., #4008
Seattle, WA 98121
Tel. 206.739.8383