UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff(s),<br> v.<br>ISHAN WAHI et al,<br><br>       Defendant(s). | CASE NO. 2:22-cv-01009-TL<br><br>ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE |

This is an action brought by the United States Securities and Exchange Commission ("SEC") against three individuals for allegations of insider trading of certain crypto assets in violation of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 27 at 1–5 (amended complaint). This matter comes before the Court on Plaintiff's motion for alternative service on Defendant Sameer Ramani. Dkt. No. 28. Having considered the relevant record, the Court GRANTS the motion and DIRECTS alternative service on Mr. Ramani as detailed below.

ORDER ON PLAINTIFF'S MOTION
FOR ALTERNATIVE SERVICE - 1

I. BACKGROUND

The SEC brings this action to enforce the Exchange Act against Defendants Ishan Wahi, his brother Nikhil Wahi, and Ishan's close friend Sameer Ramani. Dkt. No. 27 at 1, 5. The SEC alleges that, from at least June 2021 through April 2022, Ishan worked at Coinbase Global, Inc., as a manager and repeatedly tipped off his brother and Mr. Ramani to material, nonpublic information about Coinbase's upcoming listing announcements, allowing Nikhil and Mr. Ramani to trade ahead of the listing announcements and earn at least $1.1 million in illicit profits. *Id.* at 1. The SEC seeks injunctive relief, disgorgement, prejudgment interest, and civil penalties against Defendants for violations of Section 10(b) of the Exchange Act, *see* 15 U.S.C. § 78j(b), and Rule 10b-5, *see* 17 C.F.R. § 240.10b-5. *Id.* at 5, 62–64. A parallel criminal proceeding against the same Defendants in the Southern District of New York is ongoing. No. 28-1 at 4.

Defendants Ishan and Nikhil have been served with process and have appeared in this matter. *See* Dkt. Nos. 7, 8, 13. While Mr. Ramani's last known address was in Houston, Texas, records from the U.S. Customs and Border Protection reflect that Mr. Ramani flew from Dallas, Texas, to Dubai, United Arab Emirates ("UAE"), on April 25, 2022, without returning to the United States. Dkt. No. 28-1 at 2. Therefore, his current address is unknown, but the SEC represents that it "has reason to believe" that Mr. Ramani is currently in India. *Id.* On November 22, the SEC spoke with David Kornblau, Mr. Ramani's counsel in the pending criminal case, to ask if he would accept service on Mr. Ramani's behalf. *Id.* at 4. Mr. Kornblau responded that he was not authorized to do so but would speak with his client. *Id.* On December 2, Mr. Kornblau informed the SEC that he was not authorized to accept service of the complaint in this action. *Id.*

On December 22, 2022, the SEC filed an amended complaint (Dkt. No. 27) and separately moved for leave to serve Mr. Ramani by alternative means (Dkt. No. 28 at 1). Mr. Ramani has not appeared in the action or responded to the motion.

ORDER ON PLAINTIFF'S MOTION
FOR ALTERNATIVE SERVICE - 2

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) provides that service of process on an individual outside the United States may occur:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or]
>
> . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Any method of service under U.S. law must comport with constitutional notions of due process and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## III.   DISCUSSION

The SEC seeks the Court's leave for alternative service by means of email on counsel (in a related matter) and direct messages on electronic platforms (WhatsApp and email) under Rule 4(f)(3). Dkt. No. 28 at 1.

**A.   Alternative Service Under Rule 4(f)(3)**

The Ninth Circuit has "commit[ted] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props., Inc.*, 284 F.3d at 1016.

As an initial matter, the Hague Convention does not apply here. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, is an international treaty that governs service of process

among nations that are party to the Convention, including India and the United States.[1] The Hague Convention flatly does not apply "where the address of the person to be served with the document is not known." Hague Convention art. 1. The SEC represents that, despite its best efforts, the physical address of Mr. Ramani is unknown, which the Court takes as credible and true.[2] The Court also notes that it is possible that Mr. Ramani is located in the UAE, which is not party to the Hague Convention.[3] *Cf. Fed. Trade Comm'n v. Cottelli*, 854 F. App'x 837, 839 (9th Cir. 2021) (unpublished opinion) ("[Defendant's] globetrotting and evasive behavior would have made it difficult for the [plaintiff] to establish the lack of any [relevant international] agreement given that it could not identify where [plaintiff] was."). Therefore, the Hague Convention is not implicated in this case. Nor is the Court aware of any other "international agreement" that might prohibit the proposed alternative methods of service. *See* Fed. R. Civ. P. 4(f)(3).

Proceeding to "the task of determining when the particularities and necessities of [this] case require alternate service of process under Rule 4(f)(3)," *Rio Props., Inc.*, 284 F.3d at 1016, the Court finds that alternative service is appropriate here. The party requesting alternate service must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* "Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3)[,] including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had

---

[1] *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated May 16, 2023) (listing parties to the Hague Convention).

[2] The Court notes that litigants may not simply evade the Hague Convention by claiming to not know the physical address of the defendant; at least some effort at identifying the physical address of a defendant located abroad is generally necessary for Rule 4(f)(3) alternative service. *See, e.g.*, *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, No. C18-1530, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (holding email was appropriate means of service in part because plaintiff was "unable to ascertain physical addresses for service after a reasonable effort").

[3] *See* U.S. Dep't of State, Judicial Assistance Country Information: United Arab Emirates, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/UnitedArabEmirates.html (last updated Mar. 23, 2018).

ORDER ON PLAINTIFF'S MOTION
FOR ALTERNATIVE SERVICE - 4

previously been in contact with the defendant." *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, No. C18-1530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019) (permitting alternative service by email on certain online sellers of allegedly counterfeit products).

The SEC appears to have engaged in substantial efforts to locate Mr. Ramani but has been unsuccessful. *See* Dkt. No. 28-1 at 2. Notably, Mr. Ramani left the country on April 25, 2022, less than two weeks after reports surfaced of suspicious trading activity in certain Coinbase tokens—trading activity alleged to have been caused by Mr. Ramani—and Coinbase publicly confirmed that investigations into the suspicious activity were underway. Dkt. No. 28-3 at 62–63 (grand jury indictment in related criminal proceeding). His whereabouts has been difficult to pin down. All of this suggests Mr. Ramani may be attempting to evade, at the very least, service of process. Mr. Ramani also appears to have actual notice of this action, as the SEC has been successful at contacting Mr. Ramani's criminal defense counsel, who in turn has intimated that he is in contact with his client and has spoken with Mr. Ramani about this case. Dkt. No. 28-1 at 4. All these factors show that the Court's intervention is necessary and alternative service is appropriate.

B. **Constitutional Due Process**

Each of the requested methods for alternative service comports with constitutional due process and is appropriate, because all three are reasonably calculated to provide Mr. Ramani with notice of this action and opportunity to respond. *See Rio Props., Inc.*, 284 F.3d at 1017 ("In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance."). Mr. Kornblau has already indicated that he is in contact with his client, Mr. Ramani, and the SEC has ably shown that Mr. Ramani personally used his WhatsApp and email accounts for communications related to the substance of this matter, frequently, and as recently as five months

before the SEC's motion for alternative service. *See* Dkt. No. 28-1 at 3 (WhatsApp account activity as late as July 2022); *see also id.* (email usage as late as July 2019). Indeed, Mr. Ramani's primary means of communication in connection with his alleged conduct at issue appear to have been the very three modes of communications by which the SEC proposes to serve him; therefore, these three methods of service are the ones most likely to reach Mr. Ramani. *See id.* at 1018 ("[W]hen faced with an international . . . scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."). Courts have found the same methods of alternative service reasonably calculated to provide notice in similar circumstances. *See, e.g.*, *Basatne Int'l, LLC v. INQ Star Corp.*, No. C21-3142, 2022 WL 3904690, at *2–3 (N.D. Tex. May 12, 2022) (permitting service on UAE defendant by email and through U.S. counsel); *In re Cathode Ray Tube Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014) (service through U.S. counsel); *Williams v. Doe*, No. C21-3074, 2021 WL 5814279, at *2–3 (W.D. Mo. Dec. 7, 2021) (service by email and WhatsApp).

The Ninth Circuit has expressed concerns about ensuring delivery and confirmation of receipt for service by electronic means. *See Rio Props., Inc.*, 284 F.3d at 1018 ("In most instances, there is no way to confirm receipt of an email message."). The SEC does not represent that it has tested, much less received responses (or at least a lack of error messages) from, messages to Mr. Ramani's WhatsApp and email accounts. *See, e.g.*, *Keck v. Alibaba.com, Inc.*, C17-5672, 2018 WL 3632160, at *2–3 (N.D. Cal. July 31, 2018) (approving service by messages and emails where no error messages were received after sending test messages and emails and some even resulted in responses from some of the defendants). Accordingly, the Court DIRECTS the SEC to file any evidence of receipt, such as the WhatsApp "read receipt," responses from Mr. Ramani or his counsel, or at the very least lack of error messages upon delivery of the emails and messages, with proofs of service before proceeding with the claims against Mr. Ramani.

IV.    CONCLUSION

Accordingly, the Court hereby ORDERS:

(1)    The SEC's motion for alternative service on Defendant Mr. Ramani (Dkt. No. 28) is GRANTED.

(2)    **Within seven (7) days** of this Order, the SEC is DIRECTED to serve process on Mr. Ramani with a copy of the complaint and summons as follows:

    (a)    By email on his criminal defense counsel, Mr. Kornblau, at david.kornblau@dentons.com;

    (b)    By WhatsApp, username "mrsamram" and associated with the phone number +91 9920625464;

    (c)    By email, at samyramani@gmail.com.

(3)    The SEC is DIRECTED to file proofs of service for each means of alternative service **within fourteen (14) days** of this Order.

Dated this 22nd day of May 2023.

Tana Lin
United States District Judge