JUDGE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ISHAN WAHI, NIKHIL WAHI, and SAMEER RAMANI,

Defendants.

Civil Action No. 2:22-cv-1009

CONSENT OF ISHAN WAHI

1. Defendant Ishan Wahi ("Defendant") acknowledges having been served with the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the Amended Complaint in this action. Specifically, in *United States v. Ishan Wahi*, No. 1:22-cr-392 (S.D.N.Y.) (the "Criminal Case"), Defendant pleaded guilty to violations of 18 U.S.C. § 1349. In connection with that plea, Defendant admitted that he:

   a. learned which crypto assets would be made available for trading on the platform in advance of the public announcement of their availability by virtue of his employment at Coinbase; and

   b. conspired with Nikhil Wahi and Sameer Ramani to misappropriate, and misappropriated, that confidential business information for personal use; and

   c. provided that confidential business information to Nikhil Wahi and Sameer Ramani, knowing they would use that information to make trading decisions and purchase those crypto assets.

1

Consent of Ishan Wahi
SEC v. Wahi, et al
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in the Criminal Case.

3. Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of, and/or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5];

    (b) orders Defendant to pay disgorgement of his ill-gotten gains and prejudgment interest thereon in the amount specified in the Consent Preliminary Order of Forfeiture as to Specific Property dated February 7, 2023, to be included in the Judgment entered against Defendant in the Criminal Case, with such deemed fully satisfied [22-cr-392 ECF No. 78].

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the

2

Consent of Ishan Wahi
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

JUDGE TANA LIN

ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty (30) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R.

3

Consent of Ishan Wahi
SEC v. Wahi, et al
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Amended Complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, reimbursement, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other

4

Consent of Ishan Wahi
SEC v. Wahi, et al
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: MAY 15, 2023

_____
Ishan Wahi

5

Consent of Ishan Wahi
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone (202) 551-4737

JUDGE TANA LIN

1 | On May 15, 2023, ISHAN WAHI, a person known
2 | to me, personally appeared before me and acknowledged executing the foregoing
3 | Consent.

Notary Public
Commission expires:

JOANNA JUAREZ
Notary Public, State of Texas
Comm. Expires 03-06-2027
Notary ID 134236904

8 | Approved as to form:

10 | David J. Miller
Greenberg Traurig LLP
11 | One Vanderbilt Ave.
New York, NY 10017
12 | (212) 801-9205
David.Miller@gtlaw.com
13 |
14 | *Attorney for Defendant Ishan Wahi*

Consent of Ishan Wahi
SEC v. Wahi, et al.
Case No. 22-cv-01009

6

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737