UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ISHAN WAHI, NIKHIL WAHI, and SAMEER RAMANI,<br><br>Defendants. | Civil Action No. 2:22-cv-1009<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT SAMEER RAMANI |

WHEREAS, the Clerk of Court entered a Clerk's Certificate of Default (ECF No. 114) against Defendant Sameer Ramani ("Defendant") on October 26, 2023, and

WHEREAS, the Court has reviewed Plaintiff Securities and Exchange Commission's Motion for a Default Judgment against Defendant, all supporting documents, and any opposition thereto, and based on the evidence and authorities presented therein, the Court hereby finds that Defendant has violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

- 1 -

Final Judgment as to Nikhil Wahi
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $817,602 in ill-gotten gains resulting from the conduct alleged in the Complaint and supported by the additional evidence that the Commission has submitted in support of its Motion for Default Judgment, plus prejudgment interest of $79,750, for a total of $897,352.  The Court further imposes a civil penalty upon Defendant, pursuant to Section 21A of the Exchange Act, 15 U.S.C. § 78u-1(a)(2), of $1,635,204.  Defendant shall satisfy his obligation by paying the amounts owed to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at: http:/www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check,

- 2 -

Final Judgment as to Nikhil Wahi
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds until further order of this Court.  The SEC may propose a plan to distribute the funds subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the funds.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

- 3 -

Final Judgment as to Nikhil Wahi
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737

JUDGE TANA LIN

SO ORDERED.

_____
Tana Lin
United States District Judge

Presented by:

/s/ Daniel J. Maher
Daniel J. Maher
Peter C. Lallas
SECURITIES AND EXCHANGE
COMMISSION
100 F. Street NE
Washington, DC 20549-9612
Phone: 202-551-4737 (Maher)
Phone: 202-551-6864 (Lallas)
Email: maherd@sec.gov
Email: lallasp@sec.gov

*Attorneys for Plaintiff*

- 4 -

Final Judgment as to Nikhil Wahi
SEC v. Wahi, et al.
Case No. 22-cv-01009

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4737